

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMH:GMR            *271 Cadman Plaza East*
F. #2023R00263       *Brooklyn, New York 11201*

May 1, 2023

<u>By E-mail and ECF</u>

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

           Re:    United States v. Jorel Fowler
                 <u>Magistrate Docket No. 23-395 (PK)</u>

Dear Judge Komitee:

       The government respectfully submits this letter in support of its appeal from an order setting conditions of release as to the defendant in the above-captioned case. <u>See</u> ECF No. 7. The defendant is charged by complaint with Sexual Exploitation of Children, in violation of Title 18, United States Code, Section 2251(a). <u>See</u> Compl., ECF No. 1. The defendant, a 32-year-old registered sex offender, communicated with numerous minor victims over the internet and enticed them into sending him nude images and videos of themselves engaged in sexually explicit conduct. When federal agents executed a search warrant at his residence, rather than immediately answer the door for them, the defendant attempted to delete data from at least one electronic device. This behavior alone warrants pretrial detention.

       Further compounding the serious risk to the community posed by this defendant, his behavior is no aberration. He committed the instant offense while on parole following two separate convictions in New York State for Use of a Child in a Sexual Performance. In those cases, the defendant communicated over the internet with children between the ages of 12 and 16 and solicited naked images of their bodies and live videos of them engaged in sexually explicit activities, including masturbation. This prior criminal conduct directed at young children not only clearly demonstrates the extreme danger he poses to the community but also subjects him to a mandatory minimum sentence of at least 35 years in federal prison. The magistrate judge's decision should be reversed, and the defendant should be detained pending trial because he is a danger to the community and a flight risk.

I.      Background

     A.     The Defendant's Background as a Convicted Felon and Registered Sex Offender

        In July 2015, the defendant was convicted in two separate cases in New York Supreme Court of Use of a Child in a Sexual Performance, a class C felony, in violation of New York Penal Law § 263.05.  In connection with those cases, the defendant solicited young girls between the ages of 12 to 16 years old and requested that they send him nude images.  He also engaged in video chats with young children and requested that they masturbate for him during those live video streams.  As part of this prior conduct, the defendant also created a "game" in which young children were awarded points for engaging in sexual conduct, including exposing themselves and touching certain areas of their bodies.

        Although in each case he pleaded guilty to only one count of Use of a Child in a Sexual Performance, he was charged with a multitude of other related charges.  A review of his criminal history reveals that in one case he was originally charged with six counts of Use of a Child in a Sexual Performance, in violation of Penal Law 263.05, forty-four counts of Promoting a Sexual Performance by a Child, in violation of New York Penal Law § 263.15, and forty-four counts of Possessing a Sexual Performance by a Child, in violation of New York Penal Law § 263.16.  In another case, the defendant was charged with twenty-eight counts of Use of a Child in a Sexual Performance, one count of Disseminating Indecent Material to Minors in the First Degree, in violation of New York Penal Law § 235.22, twenty-five counts of Promoting a Sexual Performance by a Child, twenty-five counts of Possessing a Sexual Performance by a Child, and one count of Endangering the Welfare of a Child.  In August 2015, the defendant was sentenced to two concurrent terms of five to fifteen years in state prison.

        The defendant was released from prison in March 2021 and is currently on New York State parole through March 2029.  Following his release from prison he was required to register under New York State's Sex Offender Registration Act ("SORA").  Despite the defendant's convictions, sentence and supervision in New York State, his predatory behavior directed at children has continued unabated.

     B.     The Defendant's Instant Crime and the Victimization of Numerous Children

        Law enforcement became aware of the defendant's continued targeting of children in February 2023 when the parents of a twelve-year-old minor victim, Jane Doe-1, observed that she had been sending nude images to a stranger through the social media application Snapchat.  A law enforcement investigation revealed that Jane Doe-1 first met the defendant through the online video game Roblox.  At the defendant's behest, Jane Doe-1 created a Snapchat account and continued speaking with the defendant.  The defendant concealed his identity, telling Jane Doe-1 that he was a 15-year-old boy named "Lev."  He soon requested that Jane Doe-1 send him nude images of her body and she complied.  When Jane Doe-1 asked the defendant to send a picture of his face, he complied but then stated that Jane Doe-1 owed the defendant more images in return.

Search warrants executed on the defendant's Snapchat account reveal a multitude of other minor victims whom law enforcement is trying to identity. The defendant engaged these victims in conversation, requested nude images and videos from them and coached them regarding what types of images and videos to send him. Although review of data provided by Snapchat is still ongoing, the defendant appears to have been speaking with minor victims using Snapchat since at least the spring of 2022, if not earlier. In conversation with one victim who sent the defendant sexually explicit materials, the defendant stated the following:

>"I wanna see your ass too"

>"Make me a video"

>"Show me your panties pants off"

>"Now take off your shirt please"

>"And have the phone in between your legs"

>"Spread your legs"

>"Ok not bad but ima teach you how to do a better pic of your pussy"

Images and videos recovered from the defendant's Snapchat account depict minors with whom the defendant was in contact – some as young as between 8 and 10 years old – in the nude and exposing their genitals. Some of the videos also depict these children masturbating.

On April 26, 2023, federal agents executed a search warrant at the defendant's residence. The defendant did not immediately answer the door when agents loudly and clearly identified themselves. When agents finally gained access to the defendant's apartment, they observed him attempting to delete data from one electronic device. Agents seized multiple electronic devices from the defendant's apartment, including two laptops, two cell phones, USB and SD drives, and a desktop computer.

Upon preliminary review, the two cell phones contain child pornography, including images and videos which the defendant obtained through the use of his Snapchat account. Agents have determined that the defendant appears to have been recording and saving images and videos he obtained from Snapchat.[1] It is believed that the defendant would hold one cell phone within view of the camera of another cell phone so that the

---

[1] The Snapchat platform only permits users to view content for a short period of time. Recording the content onto another device enabled the defendant to avoid its eventual deletion and permitted future viewings. This conduct demonstrates the defendant's ability to circumvent a technological hurdle.

images and videos could be recorded and saved to the second device.  He also appears to have been saving child pornography in hidden folders on his devices.  When the defendant was interviewed by agents prior to his arrest, he admitted having tried to delete evidence from one device and that the agents would find child pornography on his devices.  Agents have also determined that the defendant was utilizing a second Snapchat account in addition to the one previously searched pursuant to a search warrant.

      C.   <u>The Proceedings and Detention Hearing Before the Magistrate Judge</u>

Following his arrest on April 26, 2023, the defendant was charged by complaint with Sexual Exploitation of Children, in violation of Title 18, United States Code, Section 2251(a), and presented before Magistrate Judge Kuo.  Prior to the defendant's initial appearance, the government filed a detention memo and moved for the defendant's detention under Title 18, United States Code, Section 3142(f)(1).  <u>See</u> Government's Detention Ltr., ECF No. 2.  The Pretrial Services Report also recommended the defendant's detention and stated that there was no combination of conditions that could adequately protect the community.

On April 28, 2023, Magistrate Judge Kuo held a detention hearing and the defense presented a bail package in support of the defendant's release on a $150,000 bond secured by two sureties, the defendant's out-of-state father and aunt.  Tr. 9:1-13.  The proposed bail package also called for location monitoring and electronic monitoring of the defendant's devices.  Tr. 11:16-21.  The defense stated the defendant would be "willing to limit the internet capable devices in his home to a single device" which counsel claimed he needed in connection with his employment.  Tr. 11:21 – 12:1.  Absent from the record is any discussion of the defendant's current relationship with the suretors or how frequently he has contact with them.

The government reiterated the position asserted in its detention memo, stating that given the defendant's commission of these new crimes while already under supervision by parole and the sex offender monitoring unit, protecting the community required the defendant's detention. Tr. 3:4-9.  The government also highlighted the lengthy mandatory minimum federal prison sentence faced by the defendant given his conduct, explaining that this increased the defendant's risk of flight.  Tr. 3:16-23.  The government also reiterated that the defendant had tried to destroy evidence during the execution of a search warrant at his residence the morning of his arrest.  Tr. 3:24-4:4.

Pretrial Services provided further detail to the Court after speaking with the defendant's state parole officer.  Pretrial stated that while on state parole, the defendant's cell phone was subject to search but it was unclear when a search had last been conducted.  Tr. 16:22-17:1.  Pretrial also countered the defense's assertion that at the time of the instant offense the defendant was only using one cell phone and explained that there have been similar cases where defendants have failed to comply and violated the terms of the strict conditions placed upon them.  Tr. 18:15-21, 21:15-24.  Pretrial also explained that, if the Court were to release the defendant, there would be software used to monitor the defendant's

internet activity but that "nothing is full (sic) proof…[and] it really breaks down to other factors than just [Pretrial]."  Tr. 21:14-25.

Ultimately, the Court agreed to release the defendant under the conditions stated by the defense.  The Court stated, "I think the conditions that have been proposed by Pretrial Services and the degree of supervision that they can impose here can ensure the safety of the community."

II.    Legal Standard

"If a person is ordered released by a magistrate judge…the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  18 U.S.C. § 3145(a)(1).  When presented with such a motion, the District Judge reviewing the matter must decide the issue de novo and "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion."  See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985) (citing United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985)).

Where a defendant is charged with an offense involving a minor victim under 18 U.S.C. § 2251, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  The defendant bears the burden of rebutting this presumption "by coming forward with evidence that he does not pose a danger to the community."  See United States v. Mattis, 963 F.3d 285, 291 (2d Cir. 2020) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).  Once this burden of production is met, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court."  Id. (quoting Mercedes, 254 F.3d at 436).  The presumptions that the defendant is a risk of flight and a danger to the community must be rebutted separately and a bail package which counters risk of flight may fail to rebut the danger posed by the defendant.  See Mercedes, 254 F.3d at 436-37 (citing United States v. Rodriguez, 950 F.2d 85, 89 (2d Cir. 1991)).  Further, "[i]t is well-settled" that at a detention hearing, the government may proceed by proffer.  See United States v. Fortunato, 51 F. App'x 350, 351 n.1 (2d Cir. 2002) (quoting United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995)).

Under 18 U.S.C. § 3142(g), the Court must consider the following factors when deciding the issue of pretrial detention: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) and the nature and seriousness of the danger posed by the person's release to any person or the community.  In pertinent part, in considering the defendant's history and characteristics, the Court is required to consider the defendant's character, past conduct, criminal history and "whether, at the time of the current offense or arrest, the person was on probation or parole…for an offense under Federal, State or local law."  18 U.S.C. § 3142(g)(3)(A) & (B).

III.    The Defendant's Predatory Behavior Directed at Children and the Significant
        Mandatory Minimum Sentence He Faces Require Detention

        The defendant is both a flight risk and an extreme danger to the community.
The presumption favoring his detention is entirely appropriate and has not been rebutted.
The factors enumerated in 18 U.S.C. § 3142(g) weigh heavily in favor of detention.

        The defendant used both a video game and a social media application to
groom young children, ultimately enticing them to send him naked images and videos
depicting themselves engaged in sexually explicit conduct.  The defendant tricked at least
one victim into believing that he was a fellow teenager, a 15-year-old boy.  An ongoing
review of data collected with multiple search warrants suggests that the defendant engaged in
similar conduct with dozens of victims.  Devices seized from his residence and his social
media account contain large amounts of child pornography, depicting naked children and
children engaged in masturbation.

        It is beyond dispute that this conduct is among the most serious matters which
come before this Court.  By its very nature, the defendant's behavior targets those members
of our society who are incapable of protecting themselves.  There is a presumption of
detention for defendants who engage in the conduct with which the defendant has been
charged because "child pornography is an insidious offense since it takes advantage of a
particularly vulnerable segment of society, children." United States v. Valerio, 9 F. Supp. 3d
283, 289 (E.D.N.Y. 2014) (quoting United States v. Schenberger, 498 F. Supp. 2d 738, 742
(D.N.J. 2007)).  When Congress enacted Section 2251, it found that the "mere…'existence
of…child pornography images creates the potential for many types of harm in the
community and presents a clear and present danger to all children." Id. (quoting United
States v. MacEwan, 445 F.3d 237, 250 (3d Cir. 2006)).

        The defendant engaged in the charged conduct through the use of electronic
devices, social media accounts, and the internet.  Although he took efforts to destroy
evidence or keep it hidden, search warrants executed on both his Snapchat account and his
electronic devices have revealed the communications, images, and videos which are evidence
of the crime in this case.  Several of the IP addresses associated with the Snapchat account
used to target the minor victims in this case are subscribed to by the defendant and the phone
number associated with his Snapchat account is the number on file with his parole officer
and the New York Sex Offender Registry.  Phone records list the defendant as that phone
number's subscriber.  The defendant also sent a photo of himself to at least one victim,
cementing his identity as the perpetrator of these crimes.  Further, when questioned by
federal agents, the defendant admitted portions of his conduct and stated that the agents
would find child pornography on his devices.  The government only expects the evidence
against the defendant to increase in strength as the investigation continues and investigators
continue to analyze the data obtained from his devices and accounts.

6

As has been stated, the defendant's conduct is no aberration.  He was previously convicted of Use of a Child in a Sexual Performance, sentenced to five to fifteen years in state prison, and required to register as a sex offender.  In those cases, he victimized children between the ages of twelve and sixteen years old, requesting nude images from them.  Despite supervision by New York's Department of Corrections and Community Supervision and the Sex Offender Monitoring Unit, the defendant's behavior has continued, resulting in serious federal criminal charges.  The defendant has proven through his past and present conduct that he is undeterred by supervision or the risk of additional criminal sanctions.  His offense conduct is a clear violation of several of his parole conditions, including that he does not have any contact with minors and only possess one electronic device.  Contrary to what the defense represented to the Court at the detention hearing, the defendant was only authorized by parole to have one electronic device.  The possession of any other devices required the express approval of his parole officer, something he never obtained.  Yet when agents searched the defendant's home, they seized two cell phones, two laptops and a desktop computer.

 The defendant faces a lengthy mandatory minimum sentence upon his conviction in this case, a factor which weighs heavily in support of pretrial detention.  See United States v. English, 629 F.3d 311, 317 (2d Cir. 2011) (affirming denial of pretrial release based in part on the fact that the defendant faced a 20-year mandatory minimum sentence).  Here, the defendant's prior state court convictions for child exploitation offenses subject him to a sentence of at least 25 years in federal prison upon conviction.  See 18 U.S.C. § 2251(e).  Since the defendant is a registered sex offender, he faces a mandatory consecutive 10-year sentence in addition to the sentence imposed on the underlying sexual exploitation counts.  See 18 U.S.C. § 2260A.   Thirty-five years in federal prison is a substantial prison term and heightens the defendant's risk of flight. United States v. Zhang, No. 22-CR-208-4 (CBA), 2022 WL 17420740, at *2 (E.D.N.Y. Aug. 3, 2022) (citing United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994)).

IV.    The Defendant's Current Conditions of Release Are Insufficient to Protect the Community and Insure His Return to Court

Even if the Court were to find that release on bond were appropriate, the current conditions of the defendant's release are far from adequate to insure his return to court, his compliance with Court orders and the safety of the community.  Under the facts of this case and given the defendant's prior history of victimizing young children, a $150,000 bond, home detention, location monitoring and electronic monitoring of the defendant's devices cannot eliminate the substantial danger posed by this defendant.

At present, the release order is inadequate.  It permits the defendant to reside in the very same location from where he perpetrated the crime with which he is charged and from where evidence was seized.  Tr. 34:20-23.  Although two sureties have agreed to sign the defendant's bond, their combined incomes equal less than half of the $150,000 bond agreed to by the Magistrate Judge.  Tr. 32:22-24, 33:12-14.  The defense claims that the defendant's family will be checking in on him.  Tr. 28:18-23.  However, the defendant's

parole officer has informed the government that the defendant previously stated that he did not have close ties with any of his family members. The government understands that one suretor, the defendant's father, is disabled and lives several states away. Tr. 32:19-21. The government has little confidence that the other suretor – the defendant's aunt – is capable of checking in on the defendant in any meaningful way which would prevent his engaging in criminal activity. Afterall, the defendant is a 32-year-old man who committed serious offenses while on state parole and after a lengthy prison sentence.

The danger posed by the defendant's conduct is not so easily contained. Even where a defendant is placed on home confinement and his conduct is subject to monitoring by pretrial services this may be "insufficient to eliminate the danger to the community." United States v. Kelly, No. 19-CR-286 (AMD), 2020 WL 2528922, at *3 (E.D.N.Y. May 15, 2020). "These measures can be circumvented by the wonders of science and of sophisticated electronic technology, and the monitoring equipment can be rendered inoperative." Id. (internal quotation marks omitted) (citing United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993)). As Pretrial Services noted at the detention hearing, there have been cases where defendants have been found with unauthorized devices despite best efforts at supervision. Tr. 21:15-24. Pretrial Services also represented to the Court that software used to monitor a defendant's electronic devices only generates weekly reports. Tr. 19:20-21. Other Courts in this District to have considered the pretrial detention of defendants charged with child pornography offenses have recognized that "serious bail violations by those charged with child pornography offenses are far from unprecedented." United States v. Blackman, 22-MJ-272 (GRB), 2020 WL 843735, at *5 (E.D.N.Y. Mar. 22, 2022) (collecting cases). The very nature of electronic devices and communication through social media present risk factors that simply cannot be adequately countered and "the proposed safeguards prove too insubstantial as measured against the potentially catastrophic risks." Id. "By the click of a computer key or tap of a touchscreen on a mobile phone, defendant could cause the same type of extreme harm to children, and the community that he is alleged to have committed in the instant case." Valerio, 9 F. Supp. 3d at 292.

Pretrial has reiterated to the government that its ability to monitor the defendant's internet activity is limited. Pretrial does not have the ability to search the defendant's residence and so his possession of another electronic device could easily go undetected. Although it is possible to monitor internet usage on the network at the defendant's residence, this monitoring would be unable to detect the use of a device which utilizes a cellular network, rather than a traditional Wi-Fi or wired internet connection. These protocols will be unable to prevent the defendant from illicitly contacting minors.

The government submits that in the case of a defendant who was previously convicted of serious predatory sexual offenses directed at children, it is insufficient to release the defendant on bond with the requirement that he only possess one electronic device which will be subject to monitoring. As the government stated at the hearing before the Magistrate Judge, the precautions in place do little to prevent the defendant from actually having or using another electronic device. Tr. 27:4-7. The defendant has already demonstrated that the risk of imprisonment will not deter him from targeting and victimizing children. At this

juncture there is nothing – other than the Court's Order – which prevents the defendant from surreptitiously obtaining additional electronic devices or utilizing a third party's device to engage in the very behavior which gave rise to the charges in this case. There is simply no reasonable expectation that the defendant will refrain from contacting minors or abiding by the requirements of his release. Given his prior history and his conduct in this case, the reality is quite the opposite.

V.      Conclusion

        The defendant has a history of victimizing children, and this behavior has continued despite his prior arrests, convictions and supervision. There are no adequate safeguards to protect the community and ensure the defendant's return to Court. For these reasons, the government requests that the Court reverse the Magistrate Judge's decision and order that the defendant be detained pending trial.

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                        By:     *Gil Rein*
                                        Gilbert M. Rein
                                        Assistant U.S. Attorney
                                        (718) 254-6407

cc:     Clerk of Court (EK) (by email)
        Nora Hirozawa, Esq. (by email)
        Robert Long, Pretrial Services Officer (by email)
        Amanda Carlson, Pretrial Services Officer (by email)